UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

KATONA HARGRAVE, )
)
Plaintiff, )
)
v. )
)
CITIBANK, a foreign company, )
US BANCORP, a foreign company, )
EQUIFAX INFORMATION SERVICES, )
LLC, a foreign limited liability company, )
EXPERIAN INFORMATION )
SOLUTIONS, INC., a foreign corporation, )
and TRANS UNION, LLC, a foreign )
limited liability company, )
)
Defendants. )

Civil Action No.: 2:08CV909-WHA

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW Plaintiff, by and through the undersigned attorney, and would show unto this Court as follows:

## PRELIMINARY STATEMENT

1.      This petition is an action for statutory and actual damages, including injunctive and declaratory relief, brought by an individual consumer (hereinafter referred to as "Plaintiff") against Defendants, jointly and severally, for violations of both the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* (hereinafter referred to as "FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter referred to as "FCRA").

2.      In addition, this petition seeks actual, compensatory, statutory, and/or punitive damages

under Alabama state law and the Alabama Deceptive Trade Practices Act, Ala. Code 1975 § 8-19-1, *et seq.* (hereinafter referred to as "ADTPA"), pursuant to this Court's pendent and supplemental jurisdiction.

## JURISDICTION AND VENUE

3.     Jurisdiction of this Court arises under the FDCPA, 15 U.S.C. § 1692k(d), the FCRA, 15 U.S.C. § 1681p, 28 U.S.C. § 1331, and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

4.     Defendants' violations of Plaintiff's rights, as alleged herein, occurred in Elmore County, Alabama, and were committed within the Northern Division of the Middle District of Alabama.

## PARTIES

5.     Plaintiff KATONA HARGRAVE (hereinafter referred to as "HARGRAVE" or "PLAINTIFF") is a natural person and is a resident and citizen of Elmore County, the State of Alabama, and of the United States.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Ala. Code 1975 § 8-19-3(2).

6.     Defendant CITIBANK (hereinafter referred to as "CITIBANK" or "DEFENDANT") is a foreign company, a better denomination of which is presently unknown to Plaintiff, engaged in the business of furnishing consumers with credit in the State of Alabama.

7.     Defendant US BANCORP (hereinafter referred to as "US BANK" or "DEFENDANT") is a foreign company, a better denomination of which is presently unknown to Plaintiff, engaged in the business of furnishing consumers with credit in the State of Alabama.

8.   Defendant TRANS UNION, LLC (hereinafter referred to as "TRANS UNION" or
     "DEFENDANT") is a foreign corporation licensed to do business within the State of
     Alabama.  TRANS UNION is a consumer reporting agency, as defined in section
     1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and
     dispersing information concerning consumers for the purpose of furnishing consumer
     reports, as defined in section 1681a(d) of the FCRA, to third parties.

9.   Defendant EQUIFAX INFORMATION SERVICES, LLC (hereinafter referred to as
     "EQUIFAX" or "DEFENDANT") is a foreign limited liability company licensed to do
     business within the State of Alabama.  EQUIFAX is a consumer reporting agency, as
     defined in section 1681a(f) of the FCRA, regularly engaged in the business of
     assembling, evaluating, and dispersing information concerning consumers for the purpose
     of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third
     parties.

10.  Defendant EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter referred to as
     "EXPERIAN" or "DEFENDANT") is a foreign corporation licensed to do business
     within the State of Alabama.  EXPERIAN is a consumer reporting agency, as defined in
     section 1681a(f) of the FCRA, regularly engaged in the business of assembling,
     evaluating, and dispersing information concerning consumers for the purpose of
     furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

## FACTUAL ALLEGATIONS

11.  Plaintiff restates and reiterates herein all previous paragraphs.

12.  Plaintiff filed for bankruptcy protection in the Middle District of Alabama Bankruptcy

Page 3 of 15

Court and was discharged on July 5, 2007, with Defendants receiving a copy of the discharge order. The case number was 07-30413.

13. Despite their receipt of the aforementioned court order, Defendants CITIBANK and US BANK have continued to report Plaintiff's accounts to one or more of the three national consumer reporting agencies (hereinafter referred to as "CRAs") as having current balances due and payable rather than reflecting that the accounts were discharged in bankruptcy. More specifically:

    a)    Defendant CITIBANK shows a balance of $1,512 on EQUIFAX, EXPERIAN and TRANS UNION; and

    b)    Defendant US BANK shows a balance of $6,920 on TRANS UNION and EQUIFAX and a balance of $6,718 on EXPERIAN.

14. Defendants CITIBANK and US BANK have intentionally and maliciously failed and/or refused to notify the CRAs that the accounts should have a zero balance as a result of being discharged in bankruptcy.

15. Defendants CITIBANK and US BANK have intentionally and maliciously failed and/or refused to accurately report the account balances to the CRAs when it knew the debts were discharged in bankruptcy.

16. Plaintiff's credit reports, credit worthiness, and credit scores have been negatively impacted by the inaccurate reporting of Defendants CITIBANK and US BANK.

17. Defendants CITIBANK and US BANK have proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to

the jury.

18.     Defendants CITIBANK and US BANK knew and know that a discharge order means
        Plaintiff no longer owes the debts and has no personal liability to Defendants, yet
        Defendants have made a corporate decision to willfully and maliciously act contrary to
        their knowledge in a calculated decision to violate the requirements to properly update
        Plaintiff's accounts.

19.     Defendants CITIBANK and US BANK have a policy and procedure to refuse to properly
        update credit reports of consumers, such as Plaintiff's, who have discharged their debts.
        The reason is to keep false information on their credit reports.  The false information
        consists of a balance shown as owed absent any reference to the debt being discharged in
        Bankruptcy.

20.     Defendants CITIBANK and US BANK update numerous accounts each month with
        allegedly the correct information regarding the balance but has willfully and maliciously
        refused to do so with the Plaintiff and other consumers who are similarly situated.

21.     Defendants CITIBANK and US BANK have willfully and maliciously failed to report the
        accounts as having a "0" balance as required by 16 CFR § 607(6), which states, "a
        consumer report may include an account that was discharged in bankruptcy (as well as the
        bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the
        consumer is no longer liable for the discharged debt."

22.     Defendants CITIBANK and US BANK have promised, through their subscriber
        agreements or contracts with the CRAs, to update accounts that have been discharged in
        bankruptcy but they have willfully, maliciously, recklessly, wantonly, and/or negligently

failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, federal law and state law which has resulted in this information remaining on Plaintiff's credit reports.

23.     Defendants CITIBANK and US BANK have a policy to "park" their accounts on at least one of the Plaintiff's credit reports. This industry-specific term refers to keeping a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain refinancing, qualify for a loan, or increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' intentional and malicious conduct.

24.     In the context of parking an account, Defendants CITIBANK and US BANK have an obligation and duty under federal and state law to accurately report the balances and they willfully and maliciously refuse to do so.

25.     Defendants CITIBANK and US BANK know that parking a balance will lead to the publication of false and defamatory information every time Plaintiff's credit reports are accessed. However, Defendants intentionally and maliciously intend to force Plaintiff, and others similarly situated, to pay on an account that has been discharged.

26.     Plaintiff's credit reports have been accessed since the discharge and therefore the false information of Defendants CITIBANK and US BANK has been published to third parties.

27.     When the consumer pays the "parked" account, Defendants CITIBANK and US BANK claim that such payment was merely "voluntarily" or to pay off a "moral obligation." Defendants know and intend that, by willfully and maliciously parking the account on the

credit report, an illegal payment can be extorted from the consumer.

28. Despite receiving disputes regarding their false reporting, Defendants CITIBANK and US BANK have intentionally and knowingly not corrected their policies of keeping false and damaging information on at least one of Plaintiff's credit reports.

29. Defendants CITIBANK and US BANK have a practice of maliciously, willfully, recklessly, wantonly, and/or negligently violating, ignoring, and refusing to follow the requirements of the FCRA, FDCPA, federal and state law.

30. All actions taken by employees, agents, servants, or representatives of any type for Defendants CITIBANK and US BANK were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

31. The actions of Defendants CITIBANK and US BANK were malicious, wanton, reckless, intentional or willful, and performed with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the law.

32. Defendants CITIBANK and US BANK have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports which subjects them to punitive and statutory damages, and all other appropriate measures to punish and deter similar future conduct.

33. The actions, omissions, misrepresentations, and violations of the FCRA, FDCPA, federal law, and state law of Defendants CITIBANK and US BANK, regarding Plaintiff's alleged debt, as described herein, constitute harassment which has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiff, proximately causing

Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation which Plaintiff will in the future continue to suffer the same.

34. Defendants EQUIFAX, EXPERIAN and TRANS UNION have failed and/or refused to verify the accuracy of the information they are publishing in Plaintiff's credit reports.

35. The intentional, reckless, and willful violations of the FCRA, federal law and state law of Defendants EQUIFAX, EXPERIAN and TRANS UNION have resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiff proximately causing her to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation which Plaintiff will in the future continue to suffer the same.

### COUNT ONE - DEFENDANTS CITIBANK AND US BANK VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692, et seq.

36. Plaintiff restates and reiterates herein paragraphs 1 - 35.

37. Defendants CITIBANK and US BANK attempted to collect consumer debts allegedly owed by Plaintiff and the obligation required Plaintiff to pay money arising out of transactions for personal, family, and household purposes.  More specifically, the following actions of Defendants CITIBANK and US BANK violated the FDCPA:

    a)    Falsely attempting to collect debts, by reporting balances, when there is no legal right to collect the discharged debts;

    b)    Taking illegal actions against Plaintiff;

    c)    Refusing to properly update the accounts;

    d)    Failing to show the accounts as being "disputed" by Plaintiff; and

    e)    Reporting the invalid debts on Plaintiff's credit report.

38.     The foregoing acts and omissions were undertaken by Defendants CITIBANK and US

BANK willfully, intentionally, and knowingly as part of their routine debt collection

business and/or in gross reckless disregard of the rights of Plaintiff.

39.     The foregoing acts and omissions of Defendants CITIBANK and US BANK constitute

numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692, *et seq.*

40.     As a result of the above violations of the FDCPA, Defendants CITIBANK and US BANK

are liable to Plaintiff for a declaratory judgment that their conduct violated the FDCPA,

and Plaintiff's actual damages, statutory damages, and costs and attorney's fees under 15

U.S.C. 1692k, civil liability [Section 813 of Pub. Law].

## COUNT TWO - ALL DEFENDANTS
## VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT
## ALA. CODE 1975 § 8-19-3, *et seq.*

41.     Plaintiff restates and reiterates herein paragraphs 1 - 35.

42.     The conduct described herein has caused actual confusion or misunderstanding as to the

source, sponsorship, approval, or certification of services within the scope of the

Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3.

43.     Said conduct is generally and specifically within the meaning of the Alabama Deceptive

Trade Practices Act, Ala. Code § 8-19-3, *et seq.*, and in the course of business that is

prohibited, unfair, and deceptive.

44.     The foregoing acts and omissions of Defendants were undertaken by them willfully,

intentionally, and knowingly as part of their routine debt collecting and/or reporting

business, and Plaintiffs relied upon such representations as being lawful, yet such conduct

is prohibited.

45.     The conduct described herein has tremendous potential to be repeated where other
consumers similarly situated will be treated with the same unscrupulous, unethical, unfair
and deceptive acts and practices.

46.     The unfair and deceptive acts of Defendants have proximately caused emotional and
actual damages and they are liable to Plaintiff for such injury.

### COUNT THREE - DEFENDANTS EQUIFAX, EXPERIAN AND TRANS UNION VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681, *et seq.*

47.     Plaintiff restates and reiterates herein paragraphs 1 - 35.

48.     In the entire course of their actions, Defendants EQUIFAX, EXPERIAN and TRANS
UNION willfully and/or negligently violated the provisions of the FCRA in the following
respects:

   a)     By willfully and/or negligently failing, in the preparation of the consumer reports
concerning Plaintiff, to follow reasonable procedures to assure maximum possible
accuracy of the information in the reports;

   b)     By willfully and/or negligently failing to comport with FCRA section 1681i;

   c)     Defaming Plaintiff by publishing to third parties false information regarding their
creditworthiness;

   d)     Invading the privacy of Plaintiff; and

   e)     Failing in its duty to prevent foreseeable injury to Plaintiff.

49.     The foregoing acts and omissions were undertaken by Defendants EQUIFAX,
EXPERIAN and TRANS UNION willfully, intentionally, and knowingly as part of their
routine credit reporting business and/or in gross reckless disregard of the rights of

Plaintiff.

50.   The foregoing acts and omissions of Defendants EQUIFAX, EXPERIAN and TRANS

UNION constitute numerous and multiple violations of the FCRA, 15 U.S.C. § 1681, *et*

*seq.*

51.   As a result of the above violations of the FCRA, Defendants EQUIFAX, EXPERIAN and

TRANS UNION are liable to Plaintiff for a declaratory judgment that their conduct

violated the FCRA, and Plaintiff's actual damages, statutory damages, and costs and

attorney's fees under the FCRA.

### COUNT FOUR - DEFENDANTS CITIBANK AND US BANK
### NEGLIGENCE

52.   Plaintiff restates and reiterates herein paragraphs 1 - 35.

53.   The acts of Defendants CITIBANK and US BANK, as described herein, were done so

negligently and without care or concern for the well-being of Plaintiff.

54.   The negligent acts of Defendants CITIBANK and US BANK were purposeful to illegally

coerce Plaintiff into paying the alleged debt.

55.   As a proximate consequence of the negligence of Defendants CITIBANK and US BANK,

Plaintiff has been caused to suffer severe emotional and mental distress.

56.   As a result of the unlawful acts of Defendants CITIBANK and US BANK, they are liable

to Plaintiff for actual, compensatory, and punitive damages, and costs and attorney's fees.

### COUNT FIVE - DEFENDANTS CITIBANK AND US BANK
### EXTREME AND OUTRAGEOUS CONDUCT

57.   Plaintiff restates and reiterates herein paragraphs 1 - 35.

58.   The acts of Defendants CITIBANK and US BANK, as described herein, were done so

intentionally, maliciously, and willfully, and without care or concern for Plaintiff's well being.  Defendants harassing collection tactics created a hostile environment for Plaintiff.

59.    Defendants CITIBANK and US BANK wrongfully exploited Plaintiff in an attempt to coerce her into paying the alleged debts.

60.    The communications of Defendants CITIBANK and US BANK to Plaintiff were offensive and harassing.

61.    As a proximate consequence of the harassment of Defendants CITIBANK and US BANK, Plaintiff has been embarrassed, offended, humiliated, emotionally distressed, and forced to hire the services of an attorney.

## COUNT SIX - ALL DEFENDANTS
## INVASION OF PRIVACY

62.    Plaintiff restates and reiterates herein paragraphs 1 - 35.

63.    The conduct of Defendants, as described herein, constitutes an invasion of Plaintiff's privacy in that it intrudes into Plaintiff's private life, publishes private facts regarding Plaintiff, and places Plaintiff in a false light in the eyes of those to whom the publications are made.

64.    As a direct and proximate consequence of the aforesaid acts of invading Plaintiff's privacy, Plaintiff has been injured in that she has been caused to suffer severe embarrassment, humiliation, and mental and emotional distress.

## DECLARATORY AND INJUNCTIVE RELIEF

65.    Plaintiff restates and reiterates herein paragraphs 1 - 35.

66.    A dispute exists as to whether Defendants have violated the FDCPA, FCRA Alabama

Page 12 of 15

Deceptive Trade Practices Act, federal law and state law.

67.     Plaintiff is entitled to injunctive relief, a declaratory judgment and a determination that

Defendants violated the FDCPA, FCRA Alabama Deceptive Trade Practices Act, federal

law, and state law, and Plaintiff is similarly entitled to an order enjoining said acts.

68.     As a result of Defendants' actions, omissions and violations, Plaintiff is entitled to actual,

compensatory, statutory and/or punitive damages, reasonable attorney's fees, and all costs

for time lost at work and litigating this matter.

69.     Defendants' actions, omissions, and violations as alleged herein constituted the negligent

and intentional infliction of mental and emotional distress upon Plaintiff, proximately

causing her to suffer great mental distress, mental and physical pain, embarrassment,

humiliation, and will in the future to continue to suffer the same.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against each

Defendant, jointly and severally, by this Court for the following:

a)     Enter injunctive and corresponding declaratory relief establishing the foregoing

conduct of Defendants to be unlawful, enjoining Defendants from continuing to

engage in such conduct, and granting such additional equitable relief as may be

appropriate;

b)     Award Plaintiff actual damages;

c)     Award Plaintiff punitive damages;

d)     Award Plaintiff state and federal statutory damages;

e)     Award Plaintiff compensatory damages for mental and emotional distress,

humiliation and embarrassment to be determined at trial;

f)      Award Plaintiff reasonable attorney's fees and costs of this litigation; and

g)      Grant such other and further relief as this Honorable Court deems just and proper.

RESPECTFULLY SUBMITTED this 24th day of September, 2008.

K. Anderson Nelms (NEL022)
Anderson Nelms & Associates, LLC
2005 Cobbs Ford Road, Suite 301A
Prattville, Alabama 36066
(334) 351-1770        Phone
(334) 351-1774        Fax
Andynelms@andersonnelms.com
ASB-6972-E63K
*Attorney for Plaintiffs*

Of Counsel:

Anderson Nelms & Associates, LLC
2005 Cobbs Ford Road, Suite 301A
Prattville, Alabama 36066


The Defendants may be served at the following addresses:

CITIBANK
1500 Boltonfield Street
Columbus, Ohio 43228

US BANCORP
U.S. Bancorp Center
800 Nicollet Mall
Minneapolis, MN 55402

EQUIFAX INFORMATION SERVICES, LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

EXPERIAN INFORMATION SOLUTIONS, INC.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

TRANS UNION, LLC
c/o Prentice-Hall Corporation System, Inc.
150 South Perry Street
Montgomery, Alabama 36104